**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKIE WRAY,

                Plaintiff,

        -against-                      COMPLAINT

NORTHSTAR LOCATION SERVICES, LLC,

              Defendant.

## PLAINTIFF'S COMPLAINT

Plaintiff, JACKIE WRAY ("Plaintiff"), through Hormozdi Law Firm, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC, ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k ("FDCPA").

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5.  Plaintiff is a natural person residing in Brooklyn, Kings County, New York.

6.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7.  Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9.  Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of New York.

11. Defendant is a collection agency located in Cheektowaga, New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff that Plaintiff does not

owe.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within in the last year, Defendant was hired to collect on the alleged debt.

21. Defendant calls Plaintiff seeking to collect a debt from Plaintiff's mother.

22. Defendant calls Plaintiff on Plaintiff's cellular telephone at 269-274-8857 in an attempt to collect on the alleged debt.

23. On June 24, 2013, Defendant's collector Scott Swick called Plaintiff in an attempt to collect a debt from Plaintiff's mother.

24. Plaintiff instructed Defendant's collector Scott Swick to stop calling Plaintiff as Plaintiff does not live with Plaintiff's mother.

25. Despite this, Defendant continued to place collection calls to Plaintiff, including, but not limited to, calls placed on June 26, 2013 and July 18, 2013.

26. Defendant also left Plaintiff at least two (2) voicemail messages after Plaintiff instructed Defendant to stop calling, which requested that Plaintiff call 866-224-9823 to speak with Defendant's collector Maggie Long, and that Plaintiff call 855-211-4585 to speak with Defendant's collector Curtis Eski.

27. The telephone numbers of 866-224-982 and 855-211-4583 are two of Defendant's telephone numbers.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:

    a.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural

consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to, and leave voicemail messages for Plaintiff after Plaintiff instructed Defendant to stop calling, and told Defendant that Plaintiff is not the debtor; and

b.  Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant continued to place collection calls to, and leave voicemail messages for Plaintiff after Plaintiff instructed Defendant to stop calling, and told Defendant that Plaintiff is not the debtor.

WHEREFORE, Plaintiff, JACKIE WRAY, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

29.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

30.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

31.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 15, 2014

By:

Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
E-mail: shireen@hormozdilaw.com

4

Attorney for Plaintiff